**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RANI YADAV-RANJAN,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORPORATION,<br><br>    Defendant. | Case No. 16-cv-07344-BLF<br><br>**ORDER DENYING EX PARTE APPLICATION AND DISMISSING COMPLAINT** |

Plaintiff Rani Yadav-Ranjan filed this action on December 27, 2017 and a day later, sought a temporary restraining order ("TRO") to enjoin a nonjudicial foreclosure sale of her home scheduled for December 28, 2016. Ex Parte Appl. ("Appl.") 6, ECF 3. The Court has determined that this ex parte application is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The Court DENIES Plaintiff's application for TRO and DISMISSES the complaint for the reasons discussed below.

**I.   BACKGROUND**

Plaintiff has alleged the following facts in her TRO application and her complaint.

According to Plaintiff, Plaintiff obtained a loan on her residence in Santa Clara County, California, for $2,240,000 from Washington Mutual Bank at an initial interest rate of 7.500% on November 1, 2007. Compl. ¶ 22, ECF 1; Appl. 4. Plaintiff claims that she never received an explanation of the full terms of her loan and was a victim of fraud. Appl. 5. On September 25, 2008, Federal Deposit Insurance Corporation was named receiver for Washington Mutual Bank and JP Morgan Chase ("JP Morgan") later acquired the assets and most of the liabilities. *Id.* at 4. Plaintiff alleges that she has defaulted on her loan because of "the high payments, the structure of

the loan and interest rate and the fact that Plaintiff was not provided full disclosure of the terms of her loan." Compl. ¶ 32. On November 8, 2010, a Notice of Default was recorded. *Id.* ¶ 24. On March 25, 2014, JP Morgan executed a Substitution of Trustee naming Quality Loan Service Corporation ("Quality Loan") as Trustee. *Id.* ¶ 27. Quality Loan then scheduled Plaintiff's home for sale by public auction on December 28, 2016. Appl. 6.

On December 27, 2016, Plaintiff filed the instant action against Quality Loan, Washington Mutual Bank, Mortgage Electronic Registration Systems, Inc., JP Morgan Chase Bank, Does 1 through 50, and "all persons unknown claiming any legal or equitable right, title, estate, lien, or interest" in the property at issue in this case. Compl. ¶¶ 9-16. Plaintiff alleges the following causes of action: (1) violation of Security First Rule, California Code of Civil Procedure section 726; (2) breach of oral contract; (3) breach of written contract; (4) wrongful foreclosure based on California Civil Code sections 2924 and 2923.5; (5) quiet title; (6) slander of title based on California Civil Code section 2924; (7) cancellation of instruments based on California Civil Code section 2924; (8) promissory estoppel; (9) negligence per se based on California Civil Code section 2923.5 and California Evidence Code section 669; (10) negligent misrepresentation; (11) fraud in the inducement; (12) violation of Rosenthal Fair Debt Collection Practices Act; (13) Unfair Practices under California Business & Professions Code section 17220, *et seq.*; and (14) declaratory relief. *Id.* ¶¶ 87-185.

The day after the filing of the complaint, Plaintiff filed an ex parte application seeking a TRO to restrain Quality Loan from "foreclosing and/or selling Plaintiff residential property located at 18730 Vista De Almaden San Jose, CA 95120." Appl. 2. In her application, Plaintiff argues that Quality Loan does not have the right to foreclose on her home pursuant to California Commercial Code sections 1201, 3301, 3309, 3418; and California Civil Code sections 2923.5 and 2924(f). *Id.* at 9-13. Plaintiff further argues that the foreclosure violates California Civil Code section 2923.6. *Id.* at 13-15. Finally, Plaintiff requests injunctive relief based on California Civil Procedure Code section 526(a). *Id.* at 15-16.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). This Court has an independent obligation to ensure that it has subject matter jurisdiction over a matter and may raise the question, *sua sponte*, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). For purposes of determining subject matter jurisdiction only, the Court assumes that all of the allegations in the Complaint are true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### III.   DISCUSSION

The two main sources of subject matter jurisdiction are federal question jurisdiction (also known as "arising under" jurisdiction) and diversity jurisdiction. The Court evaluates each in turn.

####   A.   Federal Question Jurisdiction

Federal courts have original jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

Here, Plaintiff sets forth fourteen causes of action in her complaint, all of which are based on California law. Because none of the causes of action is based on federal law or the federal Constitution, the Court finds no federal question jurisdiction. Although Plaintiff generally alleges facts in relation to the Emergency Economic Stabilization Act of 2008 ("EESA") and the Troubled Assets Relief Program ("TARP") established under EESA, these allegations do not raise a federal question. *E.g.*, Compl. ¶¶ 55-62. Instead, Plaintiff relies on California statutes to support her causes of action. *E.g.*, *id.* ¶¶ 72-73. Moreover, the EESA does not create a private right of action based on the alleged facts. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (holding that there is no express or implicit private right of action against non-

governmental entities under the EESA or TARP) (citing 12 U.S.C. § 5201 *et seq.* and 12 U.S.C. § 5229); *Oliver v. U.S. Bank, N.A.*, No. 11-04300-LHK, 2012 WL 2376677, at *4 (N.D. Cal. June 22, 2012) (finding that TARP's mandate from the Secretary of the Treasury to financial institutions to perform all reasonable duties was insufficient to support a claim under 42 U.S.C. section 1983).

Plaintiff also cites to various federal statutes without any factual allegations in support of a federal cause of action, such as 28 U.S.C. section 1331 and 15 U.S.C. section 1692. Compl. ¶ 4. However, mere reference of federal statutes is insufficient to support a federal question jurisdiction. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that the "mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists").

### B. Diversity Jurisdiction

To invoke diversity jurisdiction in an action involving U.S. citizens, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. §1332(a)(1).

Diversity jurisdiction requires "complete diversity," that "plaintiffs and each defendant be citizens of different states." *Allen v. Boeing Co.*, 821 F.3d 1111, 1115 (9th Cir. 2016); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). In her complaint, Plaintiff alleges that she is a resident of the State of California and that Defendant Quality Loan is a California corporation. Compl. ¶¶ 8, 11. Because at least one defendant is a California resident, complete diversity is destroyed. Accordingly, the Court finds no diversity jurisdiction.

### C. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because the "purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

4

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003).

Because this Court lacks subject matter jurisdiction, Plaintiff's complaint must be dismissed and the Court has no jurisdiction to grant Plaintiff's application for TRO. Because it is not clear that amendment would be futile, the Court grants leave to amend the complaint to allege a proper basis for federal jurisdiction.

## IV. ORDER

For the foregoing reasons, the Court DENIES Plaintiff's application for a TRO against Quality Loan without prejudice and DISMISSES Plaintiff's complaint with leave to amend. Plaintiff must file an amended complaint on or before January 30, 2017.

**IT IS SO ORDERED.**

Dated: December 29, 2016

_____
BETH LABSON FREEMAN
United States District Judge